Benesch, Friedlander, Coplan & Aronoff LLP
By:     Jennifer R. Hoover (NJ No. 026502001)
        Kevin M. Capuzzi (NJ No. 173442015)
Continental Plaza II
411 Hackensack Ave., 3rd Floor
Hackensack, New Jersey 07601-6323
Telephone: (302) 442-7063
Facsimile: (302) 442-7012
jhoover@beneschlaw.com
kcapuzzi@beneschlaw.com

*Attorneys for Plaintiffs ITS Logistics, LLC and ITS National, LLC*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ITS LOGISTICS, LLC and ITS NATIONAL, LLC, <br><br>             Plaintiffs, <br><br>      v. <br><br> BARNES & NOBLE BOOKSELLERS, INC. and ARGIX DIRECT, INC., <br><br>             Defendants. | Civil Action No. _____ <br><br><br> **COMPLAINT** <br><br><br> *JURY DEMAND ENDORSED HEREON* |

Plaintiffs ITS Logistics, LLC ("ITS Logistics") and ITS National, LLC ("ITS National")

(ITS Logistics and ITS National are sometimes collectively referred to as "Plaintiffs"), by and

through their undersigned counsel, hereby bring this Complaint against Defendants Barnes &

Noble Booksellers, Inc. ("B&N") and Argix Direct, Inc. ("Argix") (B&N and Argix are

sometimes collectively referred to as "Defendants"), and in support hereof, respectfully allege as

follows:

8888335 v1

## THE PARTIES

1.      ITS Logistics is a limited liability company formed under the laws of the State of Delaware, with its principal place of business located at 620 Spice Island Drive, Sparks, Nevada 89431.

2.      ITS National is a limited liability company formed under the laws of the State of Delaware, with its principal place of business located at 620 Spice Island Drive, Sparks, Nevada 89431.

3.      B&N is a corporation organized under the laws of the State of Delaware, with its principal place of business located at 122 5th Avenue, New York, New York 10011.

4.      B&N is registered as a foreign corporation with the New Jersey Department of State, having a statutory agent for service of process in the State at Capitol Corporate Services, Inc., 14 Scenic Drive, Dayton, New Jersey 08810.  On information and belief, B&N conducts all of its distribution operations from its facilities located at 1 Barnes and Noble Way, Monroe Township, New Jersey 08831.

5.      Argix is a corporation organized under the laws of the State of Delaware, with its principal place of business located at 100 Middlesex Center Boulevard, Jamesburg, New Jersey 08831.

6.      Argix is registered as a foreign corporation with the New Jersey Department of State, having a statutory agent for service of process in the State at National Registered Agents, Inc. of NJ, 51 Everett Drive, Suite 107B, West Windsor, New Jersey 08550.  On information and belief, Argix conducts all of its transportation brokerage services from its Jamesburg, New Jersey facilities.

2

## JURISDICTION AND VENUE

7.      Jurisdiction exists in this action under 28 U.S.C. § 1332, because there is a diversity of citizenship between Plaintiffs and Defendants, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

8.      Venue is proper under 28 U.S.C. § 1391, because a substantial part of the events giving rise to the claims herein occurred in the State of New Jersey and both Defendants are registered as foreign corporations to do business in the State.  As set forth in further detail herein, B&N conducts all of its distribution operations from its facilities located in New Jersey, including having contracted with Argix to provide transportation brokerage services for the delivery of books and other goods from B&N's distribution warehouses or centers to B&N's retail stores across the United States.  Argix, whose principal place of business is in New Jersey, subsequently engaged ITS Logistics as a carrier and ITS National as a transportation broker, but Argix has failed to pay Plaintiffs for their transportation services which ultimately benefited B&N.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

9.      On information and belief, B&N is the largest retail bookseller in the United States, with stores located in all fifty (50) states.

10.      On information and belief, Argix is a transportation broker.

11.      On information and belief, operating from its facilities located in the State of New Jersey, B&N contracted with Argix to provide transportation brokerage services for the delivery of books and other goods (collectively, the "Books") from B&N's distribution warehouses or centers to B&N's retail stores across the country.

3

12. For over ten (10) years, B&N and Argix have jointly hired Plaintiffs to broker or perform the actual transportation of the Books from B&N's distribution warehouses or centers to the yards of various final-mile cartage companies, for those final mile cartage companies' ultimate delivery of the Books to B&N's retail stores.

13. Plaintiffs fully and properly performed the transportation of the Books in accordance with the shipment instructions provided by B&N and Argix.

14. Despite Plaintiffs' actual and proper performance, Argix has not paid Plaintiffs in full for the transportation services that Plaintiffs provided to B&N with respect to the Books.

15. As set forth on the attached account statements illustrating the aggregate amount due pursuant to various invoices (collectively, the "Invoices"), Argix owes Plaintiffs no less than Two Hundred Fifteen Thousand Four Hundred Forty-Five Dollars ($215,445.00), plus interest, for the aforementioned transportation services. True and correct copies of the account statements are attached hereto as Exhibit A and incorporated by reference herein. The Invoices are too voluminous to attach, but will be produced upon request.

16. On information and belief, Argix is in some form of financial distress.

17. B&N, as the consignor and consignee of each load of the Books transported by Plaintiffs, is jointly and severally liable with Argix with respect to the Invoices since B&N received and retained the ultimate benefit of Plaintiffs' transportation services.

18. On or about November 4, 2015, Plaintiffs made written demand upon B&N to satisfy the amounts due to Plaintiffs, but B&N has failed to respond to Plaintiffs' demand as of the filing of this Complaint.

4

**FIRST CLAIM FOR RELIEF**
*(Breach of Contract Against Argix)*

19.     Plaintiffs repeat and reallege the preceding allegations as if fully set forth herein.

20.     At all relevant times, B&N and Argix jointly hired Plaintiffs to broker or perform the actual transportation of the Books from B&N's distribution warehouses or centers to the yards of various final-mile cartage companies, for those final mile cartage companies' ultimate delivery of the Books to B&N's retail stores.

21.     Plaintiffs fully and properly performed the transportation of the Books in accordance with the shipment instructions provided by B&N and Argix.

22.     Argix promised to pay Plaintiffs for the transportation services that Plaintiffs provided to B&N with respect to the Books.

23.     Argix has breached its agreement to pay Plaintiffs for the freight and other charges incurred by Plaintiffs for the shipments of the Books despite demand for payment.

24.     Argix's breach has caused injury to Plaintiffs as set forth in the Invoices.

25.     As a result of the breach, Plaintiffs are entitled to recover from Argix the sum of Two Hundred Fifteen Thousand Four Hundred Forty-Five Dollars ($215,445.00), plus pre- and post-judgment interest, attorneys' fees, and costs.

**SECOND CLAIM FOR RELIEF**
*(Quantum Meruit/Unjust Enrichment Against Argix)*

26.     Plaintiffs repeat and reallege the preceding allegations as if fully set forth herein.

27.     At all relevant times, B&N and Argix jointly hired Plaintiffs to broker or perform the actual transportation of the Books from B&N's distribution warehouses or centers to the yards of various final-mile cartage companies, for those final mile cartage companies' ultimate delivery of the Books to B&N's retail stores.

28.     Argix promised to pay Plaintiffs for the transportation services that Plaintiffs provided to B&N with respect to the Books.

29.     Plaintiffs fully and properly performed the transportation of the Books in accordance with the shipment instructions provided by B&N and Argix, and Argix received the benefit of Plaintiffs' transportation services as Argix was, upon information and belief, subsequently compensated by B&N.

30.     Argix has not paid Plaintiffs in full for the transportation services provided by Plaintiffs.

31.     The transportation services provided by Plaintiffs are reasonably worth the sum of Two Hundred Fifteen Thousand Four Hundred Forty-Five Dollars ($215,445.00).

32.     As a result, Plaintiffs are entitled to recover from Argix the sum of Two Hundred Fifteen Thousand Four Hundred Forty-Five Dollars ($215,445.00), plus pre- and post-judgment interest, attorneys' fees, and costs.

**THIRD CLAIM FOR RELIEF**
*(Breach of Contract Against B&N)*

33.     Plaintiffs repeat and reallege the preceding allegations as if fully set forth herein.

34.     At all relevant times, B&N and Argix jointly hired Plaintiffs to broker or perform the actual transportation of the Books from B&N's distribution warehouses or centers to the yards of various final-mile cartage companies, for those final mile cartage companies' ultimate delivery of the Books to B&N's retail stores.

35.     By virtue of B&N's tender and acceptance of each load of the Books as consignor and consignee, B&N received and retained the ultimate benefit of Plaintiffs' transportation services and is liable to Plaintiffs for the amounts owed to Plaintiffs as a matter of law.

36.     By virtue of B&N's tender and acceptance of each load of the Books as consignor and consignee, and by virtue of the bills of lading and shipping orders signed and issued, B&N became a party to a transportation agreement with Plaintiffs.

37.     Plaintiffs fully and properly performed the transportation of the Books in accordance with the shipment instructions provided by B&N and Argix.

38.     B&N has breached its agreement to pay Plaintiffs for the freight and other charges incurred by Plaintiffs for the transportation of the Books despite demand for payment.

39.     B&N's breach has caused injury to Plaintiffs as set forth in the Invoices.

40.     As a result of the breach, Plaintiffs are entitled to recover from B&N the sum of Two Hundred Fifteen Thousand Four Hundred Forty-Five Dollars ($215,445.00), plus pre- and post-judgment interest, attorneys' fees, and costs.

## FOURTH CLAIM FOR RELIEF
### *(Quantum Meruit/Unjust Enrichment Against B&N)*

41.     Plaintiffs repeat and reallege the preceding allegations as if fully set forth herein.

42.     At all relevant times, B&N and Argix jointly hired Plaintiffs to broker or perform the actual transportation of the Books from B&N's distribution warehouses or centers to the yards of various final-mile cartage companies, for those final mile cartage companies' ultimate delivery of the Books to B&N's retail stores.

43.     Plaintiffs fully and properly performed the transportation of the Books in accordance with the shipment instructions provided by B&N and Argix, and, by virtue of B&N's tender and acceptance of each load of the Books as consignor and consignee, B&N received and retained the ultimate benefit of Plaintiffs' transportation services.

44.   B&N has failed or refused to pay Plaintiffs in full for the transportation services provided by Plaintiffs despite demand and has, instead, refused to communicate with Plaintiffs on the subject.

45.   B&N's receipt and acceptance of each load of the Books without payment for Plaintiffs' transportation services is unjust.

46.   The transportation services provided by Plaintiffs are reasonably worth the sum of Two Hundred Fifteen Thousand Four Hundred Forty-Five Dollars ($215,445.00).

47.   As a result, Plaintiffs are entitled to recover from B&N the sum of Two Hundred Fifteen Thousand Four Hundred Forty-Five Dollars ($215,445.00), plus pre- and post-judgment interest, attorneys' fees, and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court grant the following relief:

A.   Judgment in their favor on all claims;

B.   Judgment in their favor against Argix on Plaintiffs' First and Second Claims for Relief in the amount of Two Hundred Fifteen Thousand Four Hundred Forty-Five Dollars ($215,445.00), plus pre- and post-judgment interest, attorneys' fees, and costs;

C.   Judgment in their favor against B&N on Plaintiffs' Third and Fourth Claims for Relief in the amount of Two Hundred Fifteen Thousand Four Hundred Forty-Five Dollars ($215,445.00), plus pre- and post-judgment interest, attorneys' fees, and costs; and

D.   All other relief in law or equity to which Plaintiffs may be entitled.


[signature page follows]


8

Dated: December 2, 2015

**BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**

By:  *s/ Jennifer R. Hoover*

Jennifer R. Hoover (NJ No. 026502001)
Kevin M. Capuzzi (NJ No. 173442015)
Continental Plaza II
411 Hackensack Ave., 3rd Floor
Hackensack, New Jersey 07601-6323
Telephone: (302) 442-7063
Facsimile: (302) 442-7012
jhoover@beneschlaw.com
kcapuzzi@beneschlaw.com

OF COUNSEL:
Marc S. Blubaugh, Esquire
Benesch, Friedlander, Coplan & Aronoff LLP
41 South High Street, Suite 2600
Columbus, Ohio 43215
Telephone:  (614) 223-9382
Facsimile:  (614) 223-9330
mblubaugh@beneschlaw.com

*Attorneys for Plaintiffs ITS Logistics, LLC and ITS National LLC*

9

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b) and D.N.J. L.R. 38.1, Plaintiffs ITS Logistics, LLC and ITS National, LLC hereby demand a trial by jury with the maximum number of jurors permitted by law.

Dated: December 2, 2015

**BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**

By: ___*s/ Jennifer R. Hoover*___

    Jennifer R. Hoover (NJ No. 026502001)
    Kevin M. Capuzzi (NJ No. 173442015)
    Continental Plaza II
    411 Hackensack Ave., 3rd Floor
    Hackensack, New Jersey 07601-6323
    Telephone: (302) 442-7063
    Facsimile: (302) 442-7012
    jhoover@beneschlaw.com
    kcapuzzi@beneschlaw.com

OF COUNSEL:
Marc S. Blubaugh, Esquire
Benesch, Friedlander, Coplan & Aronoff LLP
41 South High Street, Suite 2600
Columbus, Ohio 43215
Telephone:  (614) 223-9382
Facsimile:  (614) 223-9330
mblubaugh@beneschlaw.com

    *Attorneys for Plaintiffs ITS Logistics, LLC and ITS National, LLC*

10

## <u>CERTIFICATION</u>

Pursuant to D.N.J. L.R. 11.2, the undersigned certifies that the matter in controversy between the parties herein is not the subject of any other action pending in any court or any arbitration proceeding, and that no other action or arbitration proceeding with respect to the matter in controversy is contemplated.

Dated:  December 2, 2015                                    *s/ Jennifer R. Hoover*
                                                                   Jennifer R. Hoover (NJ No. 026502001)